United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

SALENA MARIE SILVA,

Defendant.

Case No.: CR 12-00709-1-YGR (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I. BACKGROUND

On March 7, 2013, Salena Marie Silva was sentenced to five years probation for possession with intent to distribute a controlled substance. On June 12, 2013, Defendant's probation officer filed a petition alleging that Defendant had violated the conditions of her supervised release, specifically, that she failed to notify her probation officer at least ten days prior to any change in residence. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on June 12, 2013.

Defendant was arrested, and on November 21, 2013, the court held a hearing on the Government's motion to detain Defendant pending her supervised release violation hearing. Defendant was present, in custody, and represented by Joyce Leavitt. Assistant United States Attorney Christina McCall appeared on behalf of the Government. Probation Officer Kevin Thomas was also present. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

Defendant's sentence for possession with intent to distribute a controlled substance included a five-year probation term. In so ordering, the Court imposed standard conditions, including: Defendant shall not leave the judicial district without permission of the court or

1   probation officer; Defendant shall report to the probation officer in a manner and frequency
2   directed by the court or probation officer; Defendant shall answer truthfully all inquiries by the
3   probation officer and follow the instructions of the probation officer; and Defendant shall notify
4   the probation officer at least ten days prior to any change of residence or employment.

5   Because Defendant is charged with a supervised release violation, Defendant bears the
6   burden of establishing that she is not a flight risk or a danger to the community by clear and
7   convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143.

8   The Form 12 contains allegations that Defendant failed to notify her probation officer at
9   least ten days prior to any change in residence or employment. Defense counsel argues that
10  Defendant, who previously resided with her sister, had to leave her sister's residence because she
11  had failed to secure employment. Defense counsel indicates that Defendant's sister had required
12  Defendant to leave the residence if she did not obtain employment by a certain date. According
13  to defense counsel, when that date came, Defendant did not have a job, and she left. Defense
14  counsel requests that Defendant be released to a halfway house given Defendant's history of drug
15  abuse and mental health issues.

16  The attorney for the Government persuasively argues that releasing the Defendant to a
17  halfway house is inappropriate. First, Defendant was out of custody for only a week before
18  absconding, leaving no time for the installation of an electronic monitoring device which was to
19  remain active for the first six months of her release. Second, Defendant has already received a
20  total of six months of substance abuse treatment at the New Bridge facility, at the Government's
21  expense.

22  During the November 21, 2013 hearing, Probation Officer Thomas indicated that during
23  the time prior to sentencing, and as late as a week prior to sentencing, Defendant had missed
24  several counseling sessions. He also reported that while Defendant completed an in-patient
25  treatment program at New Bridge, during the time leading up to sentencing, Defendant missed
26  counseling sessions and drug testing appointments. He further stated that he made visits to
27  Defendant's sister's home and spoke to Defendant's sister regarding some of the conditions she
28  had imposed on Defendant regarding employment. Probation Officer Thomas confirmed that

DETENTION ORDER
CR 12-00709-1-YGR (KAW)                    2

Defendant's sister did ask that Defendant obtain employment, but that, contrary to defense counsel's representation, Defendant's sister did not demand that Defendant leave the residence if she failed to secure employment.  Probation Officer Thomas also indicated that he has not been able to get to know Defendant, due to the fact that Defendant has been absent for several months and that he was only able to have one meeting with Defendant while she was on supervision.  At this time, he does not think that releasing Defendant to a halfway house is a suitable alternative.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not shown by clear and convincing evidence that she is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 27, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 12-00709-1-YGR (KAW)                                                3